**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DISTRICT**

**CASE NO.: 4:22-cv-10030**

STEVEN LAMONT MARKOS,

    Plaintiff,

v.

GHOST CITY STUDIOS LLC, GHOST
CITY TOURS HOLDING, LLC, AND
GHOST CITY TOURS OF FLORIDA, LLC,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendants GHOST CITY STUDIOS LLC, GHOST CITY TOURS HOLDING, LLC, AND GHOST CITY TOURS OF FLORIDA, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendants GHOST CITY STUDIOS LLC, GHOST CITY TOURS HOLDING, LLC, and GHOST CITY TOURS OF FLORIDA, LLC, (collectively, "Defendants") are ghost touring companies, known as the world's largest and best ghost tour companies, and is attended by over 250,000 people annually. At all times relevant herein, Defendants owned and operated the internet website located at the URL www.ghostcitytours.com (the "Website").

Markos alleges that Defendants copied Markos' copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendants are subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

9. Ghost City Studios LLC is a Louisiana Limited Liability Company, with its principal place of business at 19349 N 12th Street, Covington, LA 70433, and can be served by serving its Registered Agent, Timothy Nealon, 19349 N 12th Street, Covington, LA 70433.

Ghost City Tours Holding, LLC is Limited Liability Company, with its principal place of business at 19349 N 12th Street, Covington, LA 70433, and can be served by serving its

Registered Agent, Northwest Registered Agent LLC, 7901 4th St. N., Ste 300, Saint Petersburg, FL 33702.

Ghost City Tours of Florida, LLC is a Limited Liability Company, with its principal place of business at 19349 N 12th Street, Covington, LA 70433, and can be served by serving its Registered Agent, Registered Agents Inc, 7901 4th Street N, Ste 300, St. Petersburg, FL 33702.

## THE COPYRIGHTED WORK AT ISSUE

In 2018, Markos created the photograph entitled "Boston-058", which is shown below and referred to herein as the "Work".



Markos registered the Work with the Register of Copyrights on July 4, 2018 and was assigned the registration number VA 2-120-749. The Certificate of Registration is attached hereto as Exhibit 1.

Markos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

15.  At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

16.  Defendants have never been licensed to use the Work at issue in this action for any purpose.

17.  On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

18.  On or about November 15, 2021, Markos discovered the unauthorized use of his Work on the Website.

19.  Defendants copied Markos' copyrighted Work without Markos' permission.

20.  After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their ghost tour business.

21.  Defendants copied and distributed Markos' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

22.  Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

23.  Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

24. Markos never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

25. Markos notified Defendants of the allegations set forth herein on January 11, 2022 and January 28, 2022.  To date, Defendants have failed to respond to Plaintiff's Notices. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

## COPYRIGHT INFRINGEMENT

26. Markos incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Markos owns a valid copyright in the Work at issue in this case.

28. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

30. Defendants performed the acts alleged in the course and scope of its business activities.

31. Defendants' acts were willful.

32. Markos has been damaged.

33. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff Steven LaMont Markos prays for judgment against the Defendants Ghost City Studios LLC, Ghost City Tours Holding, LLC, and Ghost City Tours of Florida, LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 20, 2022

Respectfully submitted,

/s/Layla T. Nguyen
LAYLA T. NGUYEN
Florida Bar Number: 1024723
layla.nguyen@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322
craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone

561.404.4353 – Facsimile

*Counsel for Plaintiff Steven Lamont Markos*